UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

    Plaintiff,

v.

BOONE CO. SHERIFF'S DEPT., et al.,

    Defendants.

Civil Action No. 2: 14-92-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Kurt J. Lowe is a pre-trial detainee confined at the Boone County Jail in Burlington, Kentucky. Proceeding without an attorney, Lowe filed a civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2014. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court to address a number of motions filed by the plaintiff. The Court must then conduct a preliminary review of Lowe's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Lowe's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

**I**

In his complaint, Lowe names as defendants the Boone County Sheriff's Department, Sheriff Michael Helmig, Lieutenant Jim Wagner, Rocky Wagner, Deputy Peace, the Boone County Attorneys Office, Bob Neace, Michael Mason, the Boone County Circuit Court Clerk, Dianne Prindle-Murray, the Boone County Jail, Edward Prindle, Captain Montgomery, Lieutenant Maydak, Sergeant Klute, Sergeant Linn, Deputy Beasley, the Retired Judges & Associates and Mediation & Arbitration Services Inc., A. Bailey Taylor, and "John and Jane Does 1-50." Each of the individual defendants is named in his or her individual and official capacity.[1] [R. 1, pp. 1-3]

Lowe alleges that since at least 2006, his complaints regarding corruption by local officials in Northern Kentucky prompted his wrongful arrest and prosecution by police and prosecutors, that local judges and the clerk of the court conspired to wrongfully convict him, and that several judges of this Court failed to act because of "complex and political" relationships with those local officials. [R. 1, ¶9-16]

Lowe further alleges that since May 2013, unidentified defendants failed to investigate threats directed towards him, claimed that Lowe had made threats against state senator John Schickel, and conducted surveillance of his person and property and investigated him for possible criminal conduct. [R. 1, ¶17-26] Lowe's complaint suggests (but does not state) that he was arrested and charged in September 2013 on unidentified criminal charges, which appear to be pending in *Commonwealth v. Lowe*, No. 13-CR-710 (Cir. Ct. Boone Co. 2013). [*See* R. 28-1,

---

[1] The caption of Lowe's complaint actually identifies only five entities as defendants: the Boone County Sheriff's Department, the Boone County Attorney, the Boone County Circuit Clerk, the Boone County Jail, and Retired Judges & Associates and Mediation & Arbitration Services Inc. The people in the foregoing list were only identified by Lowe as persons "to be served." However, because Lowe is proceeding without counsel, and is unlikely to have been aware of the distinction between naming a person or entity as a defendant or as someone "to be served" as the representative of a named defendant for service of process, the Court construes his complaint as naming each individual as a defendant as well, and will direct the Clerk of the Court to modify the docket accordingly.

pp. 23-24] Since that date, he alleges that unidentified defendants used excessive force during his arrest, took his property (including exculpatory evidence) from his person and prison cell, and interfered with his mail. [R. 1, ¶27-36] Lowe also contends that in his state criminal proceedings the prosecution has failed to provide the defense with discovery materials as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and that the presiding judge has improperly refused him bail, denied him a speedy trial, denied his request for a bill of particulars. [R. 1, ¶37-45] Lowe further alleges that defendants have altered or destroyed court records, obstructed a criminal investigation, and violated his rights. [R. 1, ¶46-53] Lowe contends that these actions collectively violate his rights under the federal and Kentucky constitutions, and asserts a civil RICO claim as well as pendent state law claims for defamation, false arrest and imprisonment, the intentional infliction of emotional distress, and negligence. [R. 1, ¶54-76] For relief, Lowe asks this Court and the United States Attorney to protect his constitutional rights, and seeks compensatory damages. [R. 1, ¶77-80]

In the weeks since his complaint was originally filed, Lowe has filed (A) a series of motions to amend his complaint, (B) a number of requests seeking relief, assistance or intervention, and (C) nearly a dozen letters directed to the chambers of the presiding judge. For clarity's sake, the Court will address these filings by type rather than chronologically.

**II**

On May 14, 2014, Lowe filed a motion to amend his complaint, primarily to correct certain typographical errors, and to include five additional paragraphs of allegations similar to those in the original complaint. [R. 6]

Two weeks later, Lowe filed a motion to amend his complaint a second time by identifying Jane and John Does No. 1-4 as the Kentucky Correctional Psychiatric Center

3

("KCPC"), Dr. Samina Juneja, Southern Health Partners, and Nurse Vanover. In his motion, Lowe alleges that the trial court ordered that he undergo a competency examination at KCPC, and that while there, Dr. Juneja misrepresented the scope of a blanket release form as one merely to identify persons to contact in case of emergency medical care. Lowe alleges further mistreatment and torture upon his return to the jail. Apart from the factual allegations, the motion does not assert any cause of action against any of the defendants. [R. 13]

A few days after that, Lowe filed a motion to amend his complaint a third time by identifying Jane and John Does No. 5-8 as the "Senior Status Judge Program," the Kentucky State Police, Emily Perkins, and Captain Anthony Taulbee. Unlike his prior motion, Lowe's second motion contained only the names and addresses of the putative defendants, but neither made factual allegations nor asserted legal claims against the defendants identified. [R. 19] Lowe filed his fourth motion to amend his complaint one week later by identifying Bill and Linda Smith as Jane and John Does Nos. 9-10, again providing only their mailing addresses. [R. 23]

On July 3, 2014, Lowe filed a "Verified Complaint" containing additional allegations regarding events occurring from 2006 to 2008 [R. 28, ¶1-29], followed by new allegations of misconduct by the judges presiding over his criminal proceedings in 2014. Like its predecessors, Lowe's pleading contained only factual allegations and was devoid of any effort to assert any legal claims arising out the conduct alleged. [R. 28, ¶30-42]

There is no evidence in the record that any of the defendants have been properly served with process under Rule 4 of the Federal Rules of Civil Procedure as required by Rule 4(l). Nonetheless, three putative defendants have - notwithstanding their apparent status as non-parties - filed oppositions to Lowe's requested amendments to include them. Nurse Jenny Vanover and

4

Southern Health Partners filed a motion contending that Lowe's request to identify them as Does 3 and 4 should be denied because his proposed amendment makes no allegations against them. [R. 21] Emily Perkins argues that Lowe's claims are insufficiently pled or alternatively would fail as a matter of law rendering the proposed amendment futile. [R. 26]

With respect to Lowe's first motion to amend his complaint [R. 6], that motion will be granted as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1).

Lowe's next four motions to amend his complaint are governed by Rule 15(a)(2), which requires court approval before the amendment is permitted, which "the court should freely give ... when justice so requires." The Court has reviewed Lowe's second, third, and fourth proposed amendments to his complaint, and must deny leave to amend. Lowe's motions seek to amend his complaint to name as defendants persons previously identified only as a "Jane or John Doe" in his original complaint. [R. 13, 19, 23] But in each instance the proposed amendment fails to adequately state a claim for relief even under the liberal pleading standard set forth in Rule 8. Lowe's second motion seeks to add Dr. Samina Juneja, KCPC, Southern Health Partners, and Nurse Vanover as defendants. [R. 13] However, the proposed amendment makes no factual allegations of any kind against KCPC, Southern Health Partners, and Nurse Vanover, and asserts no legal claim against Dr. Juneja. Lowe's third and fourth motions to amend do even less, providing only the name and address of the six defendants identified. [R. 19, 23]

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL

1901250, at *2 (E.D. Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format."). Lowe's proposed amendments plainly fail to satisfy even this minimal standard. The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); see also *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."). Where, as here, the proposed amendments would be futile because they fail to state a claim, the Court must deny leave to amend the complaint to add them. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

Lowe's fifth and most recent proposed amendment comes in the form of a "Petitioner/Plaintiff's Verified Complaint," a six-page document to which Lowe has attached 24 pages of exhibits. [R. 28] The proposed amendment details events since 2007 and to the present, including some allegations regarding the criminal proceedings currently proceeding against him. Given the breadth of the allegations contained in this document and Lowe's original and first amended complaint, it is unclear the extent to which there is any overlap or redundancy. But because these proceedings are at an early stage and it does not appear that any of the defendants have been served with process, the Court will grant Lowe's requested amendment.

However, the Court cannot permit Lowe's allegations to be presented piecemeal, and he will be required to file a single amended complaint which sets forth all of his factual allegations and which presents clearly-articulated legal claims against each of the remaining defendants. As set forth more fully below, that amendment will be further limited to those claims which the Court has determined may proceed in this action.

### III

Since this case has been filed, Lowe has also filed a number of motions seeking relief. First, on May 19, 2014, Lowe filed a "Motion for Relief" which largely reiterates the allegations in his complaint, including that his incarceration was unlawful, that exculpatory evidence was being hidden or destroyed, and that in his criminal proceeding his constitutional rights, including those under *Brady*, to a speedy trial, and to represent himself, were being denied. Lowe requests that he be taken into federal custody and that a federal prosecutor be appointed to investigate his allegations. [R. 7]

Second, Lowe filed a "Motion for Leave to Petition the U.S. District Court & U.S. Attorney General Eric Himpton Holder, for Intervention & Seizure of the Plaintiff for Witness Protection." This document contains extensive allegations regarding events dating back to 2007, as well as in Lowe's criminal proceedings since September 2013, of a nature similar to those set forth in plaintiff's complaint. Lowe against requests that he be removed from the custody of state officials and taken into federal custody. [R. 9] Third, Lowe filed a motion seeking injunctive relief, contending that some defendants were avoiding service of process, that ongoing proceedings in his criminal case were improper, and requesting nonspecific injunctive relief. [R. 14]

Fourth, Lowe filed a "Motion for Leave to Report a Conspiracy to Deprive Plaintiff of Substantial Rights" in which he alleges that Nurse Vanover and Southern Health Partners (which provides medical services at the Boone County Jail) failed to provide him with adequate medical care, and failed to provide him with copies of his medical records which he contends are necessary to his defense against the criminal charges pending against him. [R. 20] Fifth, Lowe filed a "Motion to Report Complicity to Fix this Case" in which he alleges that the presiding judge in his criminal proceedings participated in a conspiracy with the defendants because she denied him access to certain funds, failed to order the disclosure of certain documents, refused his request to review bail, and held him in contempt of court. [R. 31]

Sixth, Lowe filed a "Motion for Disclosure, Disqualification & Report Misconduct" in which he asserts that the United States Marshals Service, a docketing clerk in the Court's Clerks Office, and Judges Amul Thapar, William Bertelsman, and David Bunning, are not impartial or have a conflict of interest. For relief, he requests that these parties disclose conflicts of interest, and that the Clerk's Office provide him with "confirmations" when documents are filed into the record. [R. 35] Seventh, Lowe has filed an "Exigent Motion to Report Defendant Retaliation & Death Threats to a Witness." In that motion, Lowe alleges several guards at the jail "instigated" other inmates to threaten harm against a female whom he indicates is a non-prisoner witness, and requests that the Court take action. [R. 36]

Individually and collectively, Lowe's motions reveal that he misunderstands the respective roles of amended pleadings and motion practice in a judicial proceeding, and misapprehends the role of the federal courts and the judicial branch.

Many of Lowe's motions essentially reiterate allegations made in his original complaint or in his motions to amend it, and request that the Court take some action favorable to him. For

instance, Lowe's "Motion for Leave to Report a Conspiracy to Deprive Plaintiff of Substantial Rights" [R. 20] and "Motion to Report Complicity to Fix this Case" [R. 31] essentially provide status updates regarding his criminal case which, if this information has a proper place in this matter, might form the basis for amendments to his complaint. Because these are not proper motions, the Court will deny each of them.

Lowe's other motions ask the Court to take action in the nature or enforcement or investigation. As part of the federal judicial branch, this Court decides legal issues presented in civil and criminal cases filed before it. The investigation of certain civil wrongs or criminal activity, and the prosecution of criminal conduct, are functions performed by the Department of Justice and similar agencies within the executive – not judicial – branch of government. This Court has neither the authority nor the capacity to perform such functions. Thus, Lowe's "Motion for Relief" [R. 7] and "Motion for Leave to Petition the U.S. District Court & U.S. Attorney General Eric Himpton Holder, for Intervention & Seizure of the Plaintiff for Witness Protection" [R. 9], which ask the Court to take him into federal custody and appoint a federal prosecutor to investigate his allegations, request relief that this Court has no ability to provide. Similarly, Lowe's "Exigent Motion to Report Defendant Retaliation & Death Threats to a Witness" [R. 36] requests that the Court take action properly directed to law enforcement officials. Because the Court cannot grant the relief requested, these motions must also be denied.

Lowe's sixth motion, his "Motion for Disclosure, Disqualification & Report Misconduct," requests that the United States Marshals Service, a docketing clerk in the Court's Clerks Office, and Judges Amul Thapar, William Bertelsman, and David Bunning disclose conflicts of interest pursuant to 28 U.S.C. §§ 144, 455. [R. 35] This motion will be denied as without merit. As a threshold matter, both § 144 and § 455 apply only to judges - not to court

9

staff or federal marshals - and only to the judge presiding over the matter in question. More fundamentally, even if actual or perceived bias is found, the statutes require only recusal or disqualification; disclosure of the disqualifying grounds is only necessary if a party seeks a waiver of the appearance of bias pursuant to § 455(e).

Lowe's seventh motion, which seeks injunctive relief to halt a June 25, 2014, proceeding in his criminal case [R. 14] will be addressed in Section V below.

**IV**

Lowe has also sent ten letters directly to the judge presiding over this matter. In a May 19, 2014, letter, Lowe alleges that defendant Linn assaulted him and altered evidence. [R. 8] A May 27, 2014, letter expresses Lowe's concern for his safety. [R. 10] On June 5, 2014, Lowe sent a letter alleging a conspiracy by state judges, court staff, prosecutors and police to impede his ability to defend himself in the criminal proceedings against him. [R. 16, 24] Letters received on June 13, 2014 and July 7, 8, and 15, 2014, asked the presiding judge to provide Lowe with copies of certain documents previously filed with the Clerk's Office; to confirm receipt of documents mailed by Lowe to the Clerk's Office; or to express dissatisfaction with the Clerk's Office and request that he be provided with documents confirming receipt of his filings without charge. [R. 25, 29, 32, 33, 34] On July 7, 2014, Lowe sent a one-sentence letter to Judge Thapar, who recused himself from presiding over this matter three weeks before that date on June 13, 2014, [R. 22] regarding the basis for his recusal. [R. 30]

Two comments are necessary. First, general questions regarding the status of a case or the filing of a document, or requests for copies, constitute general administrative matters which should, indeed must, be directed solely to the Clerk's Office, and not to the presiding judge. Lowe is further advised that the Clerk of the Court is required by the District Court

Miscellaneous Fee Schedule to charge all parties – including those proceeding *pro se* and/or *in forma pauperis* – for copies. The Clerk may, but is not required to, provide a copy of the docket sheet without charge as a courtesy to indigent plaintiffs, but the Clerk may justifiably limit how often such copies are provided *gratis*.

Second, if any party seeks relief from the Court, it must do so by filing a formal motion pursuant to Local Rule 7.1, which should be mailed to the Clerk's Office. Once it is filed into the record, the Clerk will advise the Court that a motion has been filed. It is not acceptable for any party to send an informal letter directly to a judge for this purpose. Any document which is not properly and formally styled as a motion shall be returned, unfiled, by the Clerk of the Court.

V

As previously noted, by statute the Court is required to conduct an initial review of Lowe's complaint. 28 U.S.C. §§ 1915(e)(2), 1915A. While the factual allegations in Lowe's complaint are broad-ranging, they collectively assert that since approximately mid-2013, local police and prosecutors, judges, jail officials, and some private citizens have engaged in a conspiracy to charge and prosecute him with criminal wrongdoing in retaliation for his ongoing efforts since 2006 to expose corruption by local officials. [R. 1, 6, 28] Broadly speaking, Lowe's claims fall into two categories: alleged misconduct during ongoing pretrial proceedings in his criminal case through deprivation of his constitutional rights to investigation and disclosure, and alleged misconduct by jail staff regarding the handling of his mail and property.

The Court concludes that it must abstain from hearing Lowe's allegations and claims related to his criminal proceedings. The Supreme Court long ago held in *Younger v. Harris*, 401 U.S. 37 (1971), that a federal court should abstain from exercising jurisdiction over claims which, if permitted to proceed, would unduly and improperly interfere with ongoing judicial

proceedings in a state court. In that case, Younger sought to enjoin a state district attorney from continuing a prosecution in state court, claiming that doing so violated his constitutional rights. The Supreme Court reaffirmed the longstanding principle that due respect for the autonomy of state courts required abstention to afford the state courts the first opportunity to address the plaintiff's claims that proceedings before it violated federal constitutional rights. *Id*. at 43-50.

Here, there is no question that state criminal proceedings against Lowe are ongoing, and those proceedings unquestionably implicate Kentucky's strong state interest in the prosecution of conduct violative of its criminal laws. *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 638-42 (6th Cir. 1990). The Court also concludes that Kentucky's judicial system, whether at its trial level, on direct appeal to the Kentucky Court of Appeals and the Kentucky Supreme Court, or on collateral attack through RCr 11.42 proceedings, provides multiple and adequate opportunities for the assertion of constitutional claims.

Because proceeding on Lowe's federal claims related to his state criminal prosecution would directly interfere with an ongoing state criminal prosecution, abstention is required, and the Court must dismiss those claims without prejudice. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) ("a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.").[2]

The same cannot necessarily be said for Lowe's claims against jail officials regarding the conditions of his confinement. In various places Lowe appears to allege that he is not receiving adequate medical care, that guards have used excessive force on him, have confiscated case materials relevant to the criminal charges against him, and have interfered with his mail. [R. 1,

---

[2] Consistent with that determination, the Court must also deny as moot his motion seeking injunctive relief to halt certain proceedings in his criminal case. [R. 14]

6, 28] The consideration of these claims – depending upon the precise nature of Lowe's allegations – may not necessarily interfere with state proceedings, and will proceed.

However, as previously noted, Lowe's allegations have been made not in a single complaint, but in various documents, motions, and letters, making any attempt to consider them as a coherent whole difficult or impossible. In addition, Lowe has made abundant factual allegations, but has not attempted to characterize those allegations as violative of any particular constitutional right or to otherwise clearly state a legal claim, nor has he clearly directed his claims towards a particular defendant. Pleadings filed by persons proceeding without the assistance of an attorney are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but alleging facts is not enough - the plaintiff must articulate a cause of action, as a district court is not required to conjure up causes of action or to make guesses as to whether a given claim is directed against a particular defendant. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *Embrey v. Cauley*, 09-cv-010-HRW, 2009 WL 365665 (E.D. Ky. Feb. 11, 2009). It would also place an unfair burden on the defendant, requiring him to speculate as to all potential claims that might be brought. *Wells*, 891 F.2d at 594.

The Court will therefore require Lowe to file an amended complaint which sets forth all of his claims against jail officials regarding events transpiring at the Boone County Jail that affect the conditions of his confinement. In addition, the complaint must set forth his allegations in an organized manner which ties particular facts to a discrete legal claim asserted against one

or more specifically identified defendants. The Court further notes that allegations regarding events occurring before May 2, 2013, are unlikely to be helpful or actionable, as the statute of limitations for civil rights claims arising out of conduct occurring in Kentucky and asserted under 42 U.S.C. §1983 is one year. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall modify the docket to identify the following persons or entities as defendants in this action: the Boone County Sheriff's Department, Sheriff Michael Helmig, Lieutenant Jim Wagner, Rocky Wagner, Deputy Peace, the Boone County Attorneys Office, Bob Neace, Michael Mason, the Boone County Circuit Court Clerk, Dianne Prindle-Murray, the Boone County Jail, Edward Prindle, Captain Montgomery, Lieutenant Maydak, Sergeant Klute, Sergeant Linn, Deputy Beasley, the Retired Judges & Associates and Mediation & Arbitration Services Inc., A. Bailey Taylor, and "John and Jane Does 1-50," with each of the individual defendants named in both his or her individual and official capacity.

2. Lowe's motion to file his first amended complaint [R. 6] is **GRANTED**, and the Clerk of the Court shall **FILE** the first amended complaint into the record.

3. Lowe's second, third, and fourth motions to amend his complaint [R. 13, 19, 23] are **DENIED**.

4. The motion of nonparties Nurse Jenny Vanover and Southern Health Partners, Inc., to deny Lowe's motion to amend his complaint [R. 21] is **DENIED AS MOOT**.

5. The motion of nonparty Emily Perkins to dismiss the complaint [R. 27] is **DENIED AS MOOT**.

6. Lowe's construed fifth motion to amend his complaint [R. 28] is **GRANTED**, and the Clerk of the Court shall **FILE** Lowe's "Verified Complaint" into the record as his second amended complaint.

7. Lowe's "Motion for Leave to Report a Conspiracy to Deprive Plaintiff of Substantial Rights" [R. 20] and "Motion to Report Complicity to Fix this Case" [R. 31] are **DENIED**.

8. Lowe's "Motion for Relief" [R. 7], "Motion for Leave to Petition the U.S. District Court & U.S. Attorney General Eric Himpton Holder, for Intervention & Seizure of the Plaintiff for Witness Protection" [R. 9], and "Exigent Motion to Report Defendant Retaliation & Death Threats to a Witness" [R. 36] are **DENIED**.

9. Lowe's "Motion for Disclosure, Disqualification & Report Misconduct" [R. 35] is **DENIED**.

10. The Clerk of the Court shall **RETURN**, **UNFILED**, any document which is not properly and formally styled as a motion.

11. Any of Lowe's claims relating to his ongoing criminal prosecution in the Circuit Court of Boone County, Kentucky, are **DISMISSED WITHOUT PREJUDICE**.

12. The claims against the Boone County Attorneys Office, Bob Neace, Michael Mason, the Boone County Circuit Court Clerk, Dianne Prindle-Murray, the Retired Judges & Associates and Mediation & Arbitration Services Inc., and A. Bailey Taylor, are **DISMISSED WITHOUT PREJUDICE**.

13. Lowe's "Motion for Leave to Request a Temporary Restraining Order" [R. 14] is **DENIED AS MOOT**.

14. Within twenty-eight (28) days, Lowe must file an amended complaint setting forth all of his claims against jail officials regarding events transpiring at the Boone County Jail affecting the conditions of his confinement. The complaint must set forth his allegations in an organized manner, with each claim alleging facts supporting a stated legal basis for recovery against defendant(s) specifically identified.

Dated July 23, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY