UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION – COVINGTON

| | |
|---|---|
| KURT J. LOWE, | |
| Plaintiff, | Civil Action No. 2: 14-92-KKC |
| V. | |
| BOONE CO. SHERIFF'S DEPT., et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the motion of defendant Dianne Prindle-Murray to dismiss the claims against her. [R. 78] Plaintiff Kurt Lowe has filed his response in opposition to that motion [R. 86], to which Prindle-Murray has replied. [R. 96] Lowe's response contains a number of requests for relief which were docketed separately as a motion. [R. 87] The matters are all ripe for decision.

Lowe filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2014. [R. 1] Lowe asserted a number of claims against various state and county officials, both in his original and amended complaints. [R. 46] The bulk of those claims have been addressed in prior Orders [R. 46, 68], leaving only the claims against Prindle-Murray.

Lowe alleges that Prindle-Murray, as the Clerk of the Boone County Circuit Court, concealed court records and hearing transcripts, and edited a tape of a January 23, 2014, hearing during which Lowe was allegedly assaulted by a deputy. [R. 47, p. 12] As the Court has previously noted, Lowe's complaint does not identify the name, date, or subject matter of the records or transcripts in question; does not indicate how their absence has affected his ability to defend against the criminal charges he faces; and does not state what

1

constitutional rights he contends Prindle-Murray violated through her actions. [R. 68, pp. 5-6]

In her motion to dismiss the claims against her, Prindle-Murray prefaces her motion by asserting that "[Lowe's] allegations are simply not based in fact." [R. 78-1, p. 2] She indicates that she did not conceal any documents from Lowe, and instead provided him with at least one copy of each document he requested. [R. 78-1, p. 2; R. 78-3] She further alleges that she did not "edit" the tape of the January 23, 2014, incident because no such tape exists: the tape recorder was not actively recording because the judge was not in the courtroom when the incident occurred. [R. 78-1, p. 2-3; R. 78-2]

However, even taking Lowe's allegations as true, Prindle-Murray asserts that Lowe's claims under 42 U.S.C. § 1983 should be dismissed because he has failed to identify either what she did to violate his constitutional rights or what specific constitutional rights were violated as a result. [R. 78-1, p. 4-5] Finally, she contends that she is entitled to qualified immunity because the Kentucky Circuit Court Clerks' Manual vests her with discretion to address requests for copying and inspection. [R. 78-1, p. 6]

In his response,[1] Lowe first contends that Prindle-Murray is in default because over a year ago he sent her a form requesting that she waive formal service of process, which she did not return. [R. 86, p. 1] As the Court has previously explained, mailing a form requesting a waiver of formal service of process does not, itself, actually effect service of process. If a defendant does not agree to waive formal service of process, the plaintiff must then formally serve process upon them in the normal fashion. [R. 67, p. 2 (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (holding that district

---

[1] Before responding to Prindle-Murray's motion, Lowe filed a "Motion for Status Check" [R. 85] on June 4, 2015, a verbatim copy of a motion he had filed only days before. [R. 81] The Court granted Lowe's first motion and ordered that he be provided with a copy of the current docket sheet [R. 83], but will deny his second as repetitive and unwarranted.

court properly held that where plaintiff "had not received a waiver of summons pursuant to Rule 4(d) ... as a result, Plaintiff was required to comply with formal service of process.")] Neither Prindle-Murray's refusal to execute a waiver of process form nor her subsequent failure to respond to the complaint when Lowe did not formally serve her with process placed her in default, and she timely moved to dismiss the complaint after federal marshals served the complaint upon her. Prindle-Murray is not in default, and Lowe's meritless assertion to the contrary provides no basis to deny her motion to dismiss.

Lowe next contends that the Court must hold this case in abeyance pending the outcome of his state criminal cases. [R. 86, p. 1] Under *Younger v. Harris*, 401 U.S. 37, 43-50 (1971), a federal court should abstain from exercising jurisdiction over claims which would unduly interfere with ongoing state criminal proceedings. And if the plaintiff asserting such claims seeks monetary damages, the district court must hold the federal case in abeyance pending the conclusion of the state court proceedings. *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013). But these rules presuppose the viability of the plaintiff's complaint under the Federal Rule of Civil Procedure - they do not excuse a complaint from complying with Rule 8's short and plain statement requirement or a plaintiff from responding to a motion to dismiss under Rule 12. The Court must therefore assess the viability of Lowe's claims and find them sufficient to withstand Prindle-Murray's motion to dismiss before reaching the question of abstention.

In this regard, Lowe's response asserts that he "was subjected to a substantial amount of constitutional right abuses, human rights abuses and physical abuses," "experienced and documented a substantial amount of criminal acts," was "subjected to a distinct pattern of compartmentalized retaliation and expert intimidation" and "severe

psychological and physical abuses, deprivations of due process rights and more …"[2] [R. 86, pp. 2-3] Apart from the labels he affixes to the defendants' actions, Lowe does not describe any particular conduct they are alleged to have committed, nor explain the relevance of such assertions to Prindle-Murray's motion to dismiss.

The Supreme Court has made clear that in order to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The purpose of Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" is two-fold: first, it must "give the defendant fair notice of what the ... **claim** is" and second it must disclose "the **grounds** upon which [the claim] rests …" *Id*. (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (emphasis added). The second requirement – that a complaint contain sufficient factual allegations – is, by itself, therefore a necessary condition for a legally-sufficient complaint, but it is not a sufficient one. In addition, the complaint must make plain the legal basis for the claim which the plaintiff intends to assert: "Factual allegations must be enough to raise a right to relief above the speculative level …" *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

---

[2] Lowe has attached to six exhibits to his response. [R. 86-1 to R. 86-6] Of these, only the fourth relates to Prindle-Murray. [R. 86-4] The document is a "Criminal Complaint" drafted by Lowe, dated June 17, 2015, that repeats the allegations he set forth in the original complaint he filed in May 2014, namely that he was assaulted during a hearing at the courthouse in Boone County and that Prindle-Murray cut out the portion of the tape which had recorded the assault. [R. 86-4, p. 3]

A plaintiff's complaint must therefore set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.").

The Court must liberally construe pleadings filed by persons proceeding without the assistance of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, Lowe alleges that Prindle-Murray concealed or falsified records, and edited a tape of a hearing to conceal what a deputy said. [R. 47, p. 12] Apart from state claims arising under Kentucky law, Lowe's complaint broadly claims that all of the defendants were responsible for a "Deprivation of Constitutional Rights," "Illegal Search, Seizure, False Arrest & Imprisonment," "Selective Enforcement of the Law, Malicious Prosecution & Prosecutorial Misconduct," "Excessive Bail & Cruel and Unusual Punishment," and "Excessive Force & Criminal Assault." [R. 47, pp. 13-14] Lowe does not narrow any of these claims, either by asserting that the claim arises out of specific conduct described in the complaint or by directing each claim toward a particular defendant. Nor is there an evident overlap between the conduct proscribed by the constitutional guarantees to which Lowe's claims refer and the actions his complaint attributes to Prindle-Murray.

Under *Twombly*, a plaintiff's complaint fails to state a claim if it alleges freestanding facts without tying them to a cause of action, either expressly or by plain implication. A

5

district court is not required to create causes of action on behalf of a plaintiff, or to make guesses as to whether a given claim is directed against a particular defendant. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The liberal construction afforded to *pro se* complaints cannot extend so far as to "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *Embrey v. Cauley*, 09-cv-010-HRW, 2009 WL 365665 (E.D. Ky. Feb. 11, 2009). It would also place an unfair burden on the defendant, requiring him to speculate as to all potential claims that might be brought. *Wells*, 891 F.2d at 594. Here, Lowe makes no effort to clearly assert the basis for his claims against Prindle-Murray, nor do any of the types of constitutional claims broadly asserted by Lowe self-evidently apply to the factual allegations he makes against her. Lowe's claims against Prindle-Murray therefore fail to state a claim against her, and will be dismissed.

In addition to his federal constitutional claims, Lowe's amended complaint also asserts certain claims under state law, including defamation, "malice," "reckless & outrageous conduct," intentional infliction of emotional distress and mental anguish, retaliation, intimidation, coercion, undue influence, duress, negligence, failure to train, failure to supervise, and criminal assault. [R. 47, pp. 13-14] Because the Court has dismissed all of the federal claims against Prindle-Murray, the Court declines to exercise supplemental jurisdiction over pendent state law claims under 28 U.S.C. § 1367(c)(3). The balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("[a]fter a

12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

In light of the foregoing, Lowe's request to hold this case in abeyance pending the outcome of the state criminal proceedings against him [R. 87, p. 4] will be denied. In his response, Lowe also requested that the Court impose sanctions against Prindle-Murray because she attached an e-mail to her motion that recounts a version of events that transpired during the January 23, 2014, hearing which Lowe contends is false. For this and other reasons, Lowe also asks the Court to "refer this matter to the FBI or other federal investigators …" [R. 87, p. 3] As the Court has previously stated, "Lowe's request for sanctions is based merely upon his disagreement with assertions made by the moving defendants in their motion to dismiss. Such disagreements, without more, are not a valid basis for sanctions." [R. 49, p. 1] Likewise, "[t]he investigation of certain civil wrongs or criminal activity, and the prosecution of criminal conduct, are functions performed by the Department of Justice and similar agencies within the executive – not judicial – branch of government." [R. 46, p. 9] If Lowe wishes to enlist the aid of such agencies he should, and must, contact them directly. For these reasons, Lowe's motions will be denied.

Accordingly, **IT IS ORDERED** that:

1. Lowe's "Motion for Status Check" [R. 85] is **DENIED**.

2. Prindle-Murray's Motion to Dismiss for Failure to State a Claim [R. 78] is **GRANTED**.

3. Lowe's constitutional claims against Prindle-Murray filed pursuant to 42 U.S.C. § 1983 are **DISMISSED**. Lowe's pendent state law claims are **DISMISSED WITHOUT PREJUDICE**.

4. Lowe's motions to hold the case in abeyance, for sanctions, and for an investigation by the Federal Bureau of Investigation [R. 87] are **DENIED**.

5. Plaintiff Kurt J. Lowe's Complaint [R. 1, 47] is **DISMISSED**.

6. This is a final and appealable order and there is no just cause for delay.

7. This matter is **STRICKEN** from the active docket.

Dated July 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY